UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

CLAUDIA ANDREA OLAVARRIA
VALENZUELA,

    Plaintiff,

vs.

L4T CORP a Florida Corporation,
JUAN JOSE BARREJON, individually, and
GRACE NATALIA SAN MARTIN individually

    Defendants.
_____/

# COMPLAINT

COMES NOW Plaintiff, CLAUDIA ANDREA OLAVARRIA VALENZUELA ("OLAVARRIA"), by and through her undersigned attorney, hereby sues Defendants, L4T Corp. a Florida Corporation, JUAN JOSE BARREJON, individually, and GRACE NATALIA SAN MARTIN, individually, and as grounds alleges:

## JURISDICTIONAL ALLEGATIONS

1.    This is an action to recover monetary damages, liquidated damages, interests, costs and attorney's fees for willful violations of overtime wages under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA").

2.    Plaintiff is a resident of Palm Beach County, Florida, within the jurisdiction of this Honorable Court.

3.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, a federal statute.

4.    Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and (d).

5. Defendant L4T CORP. is a Florida corporation which regularly conducted business within the Southern District of Florida.

6. The individual Defendant, JUAN JOSE BARREJON, is an "employer," as defined in 29 U.S.C. § 203(d), as he has operational control over the Defendant corporation and is directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiff. Defendant JUAN JOSE BARREJON controlled the purse strings for the corporate Defendant. Defendant JUAN JOSE BARREJON hired and fired employees, determined the rate of compensation and was responsible for ensuring that employees were paid their wages.

7. The individual Defendant, GRACE NATALIA SAN MARTIN, is an "employer," as defined in 29 U.S.C. § 203(d), as she has operational control over the Defendant corporation and is directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiff and opt-in plaintiffs. Defendant GRACE NATALIA SAN MARTIN controlled the purse strings for the corporate Defendant. Defendant GRACE NATALIA SAN MARTIN hired and fired employees, determined the rate of compensation and was responsible for ensuring that employees were paid their wages.

8. Plaintiff was a covered employee under the FLSA as her work for Defendants involved interstate commerce as defined by 29 USC § 203(b) and 29 USC § 206(a). Specifically, Plaintiff would regularly and recurrently use the telephone, email and an application on the cell phone called whatsapp to communicate with Defendants' clients and potential clients who were located in Chile, Peru, Ecuador, Bolivia and Nicaragua in furtherance of Defendants' business.

## COUNT I: UNPAID OVERTIME WAGES

9. Plaintiff re-alleges and re-avers paragraphs 1 through 8 as fully set forth herein.

10. Plaintiff was employed by the Defendants as an assistant.

11. Plaintiff was employed from on or about January 3, 2019 through July 31, 2019.

12. Plaintiff worked an approximate average of 60 hours per week but was never paid her overtime wages as required by the FLSA.

13. Defendants agreed to pay Plaintiff a monthly salary of $2,800. Pursuant to 29 C.F.R. § 778.113(b) said agreement amounts to weekly salary of $646.15 and an hourly rate of $10.77/hr. for purposes of calculating the overtime wages owed to Plaintiff.

14. The FLSA requires that employees be paid overtime hours worked in excess of forty (40) hours weekly at a rate of time-and-one-half the regular rate. At all times material hereto, Defendants failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendants to properly pay her at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

15. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was working more than 40 hours per week. Notwithstanding, Defendants did not pay overtime wages to Plaintiff. Defendants were aware of their obligation to pay overtime and/or failed to conduct a reasonable investigation as to whether they were obligated to pay overtime wages. Despite the obligation to pay overtime and that Plaintiff was working overtime, Defendants failed to pay Plaintiff her rightfully mandated overtime wages.

16. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is entitled to award of reasonable attorney's fees and costs.

WHEREFORE, Plaintiff requests compensatory overtime wages, liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT II: UNPAID MINIMUM WAGES

17. Plaintiff re-alleges and re-avers paragraphs 1 through 8 as fully set forth herein.

18. Plaintiff was employed by the Defendants as a non-exempt assistant from on or about January 3, 2019 through July 31, 2019.

19. Pursuant to 29 U.S.C. § 206(a)(1)(C) an employer is required to pay its employee at least the minimum wage rate of $7.25/hr.

20. Defendants agreed to pay Plaintiff a monthly salary of $2,800 a month. Despite said agreement, Defendants paid Plaintiff on an infrequent basis for a total of $3,501 over the entire course of Plaintiffs employment with Defendants. Therefore, Defendants paid Plaintiff an hourly rate of $1.95/hr. in violation of the FLSA.

21. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was working more than 40 hours per week. Notwithstanding, Defendants did not pay minimum wages to Plaintiff. Defendants were aware of their obligation to pay minimum wages and/or failed to

conduct a reasonable investigation as to whether they were in compliance with the minimum wage requirements. Despite the obligation to pay minimum wages and knowing that Plaintiff was working without being properly compensated, Defendants failed to pay Plaintiff her minimum wages.

22. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is entitled to award of reasonable attorney's fees and costs.

WHEREFORE, Plaintiff requests compensatory minimum wages, liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for minimum wages owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid minimum wages, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT III: FLORIDA UNPAID WAGE CLAIM

23. Plaintiff re-alleges and re-avers paragraphs 1 through 8 as fully set forth herein.

24. Plaintiff was employed by the Defendants as an assistant from on or about January 3, 2019 through July 31, 2019.

25. Defendants agreed to pay Plaintiff a monthly salary of $2,800 a month.

26. Despite said agreement, Defendants paid Plaintiff on an infrequent basis a total of $3,501 over the entire course of Plaintiffs employment with Defendants.

27. Pursuant to the parties' agreement, Plaintiff should have been paid a total of $19,600 for her work.

28.     Defendant, L4T CORP. failed to pay Plaintiff her agreed upon wages and owes Plaintiff $16,099 in unpaid wages.

29.     Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is entitled to award of reasonable attorney's fees and costs.

WHEREFORE, Plaintiff requests compensatory unpaid wages and reasonable attorney's fees and costs from Defendant L4T CORP pursuant to Fla. Stat. §448.08 (2018), and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: September 18, 2019

Daniel T. Feld, Esq.
Daniel T. Feld, P.A.
Counsel for Plaintiff
2847 Hollywood Blvd.
Hollywood, Florida 33020
Tel: (954) 361-8383
Email: DanielFeld.Esq@gmail.com

By:__/s/ Daniel T. Feld _____
     Daniel T. Feld, Esq.
     Florida Bar Number: 0037013